# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

STONEY LESTER,                    *

    Petitioner,                *
                                  CASE NO. 5:06-CV-305 WDO

VS.                               *        28 U.S.C. § 2255
                                     CASE NO. 5:02-cr-37 WDO

UNITED STATES OF AMERICA,         *

    Respondent                 *

## REPORT AND RECOMMENDATION

Petitioner Lester was indicted in this court on a seven Count Superseding Indictment on July 18, 2003, for various drug related offenses. (R-49) He entered into a Plea Agreement with the Government on August 18, 2003 (R-58), and, at a plea hearing (R-101), pled guilty to Count Six of the Indictment. Subsequent to the preparation and report of a Pre-Sentence Investigation (PSI), Petitioner was sentenced on June 10, 2004, to a term of imprisonment of 262 months. (R-85) Petitioner Lester appealed his conviction and sentence to the Eleventh Circuit Court of Appeals, which affirmed the same on May 3, 2005. (R-97) He sought a *writ of certiorari* from the United States Supreme Court which was denied on November 14, 2005. Thereafter on December 19, 2005, Petitioner filed a timely Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R- 101). However, Petitioner Lester dismissed his original § 2255 Motion, without prejudice, and recast his claims in the present Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-113). A hearing was held on Petitioner's claims on January 17, 2007. Transcription of that hearing is docketed as R-121.

As **Ground One** of his Petition, Lester asserts a general Sixth Amendment violation in claims of ineffective assistance of counsel, upon which he elaborates at pages 5-1 through 5-11 of his Motion. As his **Ground 1:1** claim, Petitioner Lester asserts that his counsel was ineffective for not preserving the issue of conflict of interest between petitioner and counsel. Lester explains that after employing and paying Counsel Chidester "in full", he retained the services of the National Legal Professional Association (NLPA), "to assist counsel with Lester's sentencing." After which, Petitioner adds that Chidester started pressing Lester and his family for more money, which Lester rejected, and that counsel contacted the NLPA and "warned them not to contact Lester for any reason. Consequently, NLPA refused to communicate with Lester causing the lose of $5,000.00 paid to NLPA for sentencing research." Lester stated at hearing that he wrote the judge and told him that he did not want Attorney Chidester anymore. (R-121 at 16) He further stated in his petition that Counsel Chidester filed a motion to be relieved from the case at the time of sentencing which motion was erroneously denied by the court. Lester argues that while the court committed error by not conducting any judicial inquiry into the conflict of interest between Lester and counsel, counsel was ineffective for not preserving the error or developing the issue at sentencing.

At hearing, Lester adds only that he believed that he was prejudiced by the conflict of interest between himself and his counsel, defining conflict of interest as counsel not allowing the NLPA to assist him, and counsel's failure to withdraw his guilty plea, although Petitioner stated that his counsel told him that, "on no grounds would he be allowed to

withdraw his guilty plea at sentencing." (R-121 at 16, 17) It must be noted that ¶ (3)(C) of Petitioner's Plea Agreement of August 18, 2003 (R-58 at 3), provides that, "The defendant further acknowledges and agrees that defendant will not be allowed to withdraw defendant's plea because defendant has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Report and found by the court to be the correct guideline range." This provisions supports counsel's advise that withdrawal of the guilty plea would not be allowed.

Petitioner Lester also testified at hearing that, despite his counsel having stated that his sentencing range would be 57 to 71 months, he still wanted a written guarantee from the government, but the government would not guarantee any such sentence to him. This statement does not indicate that Petitioner relied on counsel estimate of the sentence range. Moreover, Petitioner did plead guilty and was told by the government and the court that his maximum sentence could be as much as 40 years. (R-121 at 11, 12) His testimony reveals that it was at that point that "some jailhouse lawyers" told him that his maximum sentence could be *life imprisonment*, and advised him to contact the NLPA, which he did for the purpose of putting in "downward departures on my case", but that he understood "that [his counsel] would have to agree to it before they came on board." (R-121 at 12, 13) The record is clear that Petitioner's counsel did not agree to the assistance of this organization, and Petitioner fails to demonstrate that his counsel's conduct was deficient or what, if anything, the NLPA might have achieved if their assistance had been utilized, or that his

3

sentence would have been different had his counsel acted other than he did.

Petitioner Lester pursues his allegation that the court erred in advising him that his maximum sentence could be 40 years rather than life, and his claim that his attorney was ineffective for not preserving this error at sentencing in his **Grounds 1:2 and 1:3.** He states, completely contrary to his previous claim that his counsel had advised him that the range of his sentence was 57 to 71 months, that:

> Prior to pleading guilty *counsel told Lester that the maximum sentence he was facing on charges was 40 years.* (emphasis added) During the guilty plea hearing the district court advised Lester that the maximum term of imprisonment was 40 years. (Guilty Plea Tr. 8/18/03, pg. 4). Actually, and contrary to both counsel's and the courts advisement, Lester was facing LIFE imprisonment as charged under 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii).

Lester contends that he wanted to withdraw his plea because of the district court's "misadvisement" of the maximum sentence, and counsel was deficient for stating that there was no legal grounds for Lester to withdraw his guilty plea. *See* Ground 1:3. This claim, however, was raised and addressed in the appellate court and decided adversely to Petitioner. (R-97 at 8) Inasmuch as Petitioner's sentence was within the 40 year statutory maximum, he was not harmed by the court's misconstruction of the life penalty. As noted by the United States Court of Appeals for the Eleventh Circuit in its decision in Petitioner's case at page 8, "Federal Rule of Criminal Procedure 52(a) provides, 'Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.' '

4

The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. *United States v. Rowa,* 663 F.2d 1034, 1035 (11th Cir. 1981). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v Natelli,* 553 F.2d 5, 7 (2nd Cir. 1997); *United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000).

Petitioner's **Grounds 1:1, 1:2,** and **1:3** are without merit.

Petitioner Lester, as **Ground 1:4,** claims that, "Counsel was ineffective for not filing for and arguing at sentencing for downward departure because Lester's Criminal History was over-represented and Career Offender Category Inappropriate." As **Ground 1:5,** Lester asserts, "Counsel was ineffective for failing to properly argue Lester's Denial of Acceptance of Responsibility under U.S.S.G. § 3E1.1." As **Ground 1:8** of his Motion, Lester contends, "Counsel was ineffective for not preserving *Apprendi*-type claims at Movant's federal sentencing." Petitioner Lester raised these claims on direct appeal and they were decided adversely to him. Now he shrouds them in claims of ineffective assistance of counsel. However, the United States Court of Appeals for the Eleventh Circuit held in its decision on his direct appeal (R-97) and in its decision on Rehearing (R-98) that:

> Because a district court can use its discretion to deny an acceptance of responsibility adjustment based on the defendant's continued illegal drug use, the district court did not clearly err when it denied Lester's request for an acceptance of responsibility adjustment. *United States v. Matthews,* 168 F.3d 1234, 1250 (11th Cir. 1999).

The Court held that the district court did not err in applying the career offender

5

enhancement, in denying an acceptance of responsibility, or in enhancing Lester's sentence under U.S.S.G. § 4B1.1, because the district court's determination that Lester had had prior convictions did not implicate *Apprendi, Blakely,* or *Booker.* (R-97 at 5) The Court also held that Lester's argument regarding his obstruction of justice and dangerous firearm enhancement did not affect his statutory maximum as defined in *Booker,* nor his sentence, and any error was harmless under *Booker. Id.*

Ineffective assistance of counsel cannot be based on meritless argument and futile motions. When the same claims have been decided adversely to the Petitioner by the Appellate Court, claiming ineffective assistance of counsel does not make them any more meritorious. *See Alvord v. Wainwright,* 725 F.2d 1282, 1291 (11th Cir. 1984), *cert. denied,* 496 U.S. 956, 105 S.Ct. 355 (1984). For the foregoing reasons, Petitioner's **Grounds 1:4, 1:5,** and **1:8** are without merit.

Petitioner Lester proffers as his **Ground 1:6** the following:

> Counsel Was Ineffective For Advising Movant Erroneously Related to Factors Controlling Sentencing and Failed to Apprise Movant As to Criminal History.

In his Memorandum (R-113-2) Petitioner attempts to explain this claim, stating, "Lester alleges that counsel was ineffective for convincing him to enter into plea stipulations and plead guilty based on the false premise that Lester's sentence would be calculated under the Guidelines based on the amount of crack cocaine involved." In the same claim, Lester acknowledges that the government and/or the district court "warned him that any sentencing

6

estimates by counsel would be worthless because the court was not bound by them." The same admonition was contained in no uncertain terms in Petitioner's Plea Agreement (R-58) at page 3, section (3)(C), which also contains Petitioner's initialed acknowledgement.

Moreover, in this claim, Petitioner Lester adds, "Notwithstanding his statement at guilty plea hearing, Lester did not knowingly, intelligently, and voluntarily waive his rights and plead guilty." This claim then becomes an attack upon the voluntariness of his guilty plea.

At his change of plea hearing on August 18, 2003, Petitioner Lester gave positive responses to the court's in depth questions regarding his understanding, that if he pled guilty, he faced a minimum sentence of 10 years with a possible maximum of 40 years imprisonment, and that he had disussed the charge and possible range of sentence with his attorney. (R-104 at 4, 5) When the court ask Lester how he wanted to plead to Count Six of the Indictment, he answered "Guilty" and answered affirmatively that he understood that he did not have to plead guilty, that he understood that he had a right to a jury trial, and the his plea was freely and voluntarily given. (R-104 at 6, 8)

The record reflects that the court fully apprised Lester of all of his options relative to trial or guilty plea and that Lester freely and voluntarily chose the latter without coercion or misinformation. His Ground 1:6 is contrary to the record of this case and without merit.

Petitioner's **Ground 1:7** asserts:

> Counsel was Ineffective For not advising Movant that Probable Cause to Search Could have been Challenged and Failed to Challenge the Search leading to Movant's Arrest.

7

This is the first occasion that Petitioner has inferred a 4th Amendment violation relative to the search and seizure of his residence to which he now claims ineffective assistance of counsel for not challenging the search. Petitioner Lester fails to state any factual basis for this claim in his refiled Motion. He simply contends that, "He should have been given the advice and option to challenge the legality to search which *may* have ultimately resulted in having inculpatory evidence declared unconstitutional." No suggestion of prejudice can be made in view of Petitioner's plea of guilty. It should be further noted that Petitioner did not even address this claim at his evidentiary hearing.

The United States Supreme Court has addressed instances of petitioner's raising constitution deprivation claims which occurred, if at all, prior to the entry of his guilty plea, in *Tollett v. Henderson,* 411 U.S. 258, 267 (1973), holding that:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

In *Tiemens v. United States,* 724 F.2d 928, 929 (11th Cir. 1984), the Court held that, "[A] guilty plear waives all nonjurisdictional defects occurring prior to the time of the plea." Petitioner's Ground 1:7 is waived and otherwise without merit.

At **Ground 1:9** Petitioner Lester contends that:

> Counsel was Ineffective For Not Objecting to the Court's Denial of Counsel's Motion To Withdraw or preserving Such For Appellate Review.

8

Petitioner has shown no ineffective assistance of counsel or prejudice resulting from the conduct of his counsel throughout his proceedings, through his Plea Agreement and guilty plea in this case. He bases his claim of ineffective assistance of counsel primarily upon some notion of a conflict of interest when Lester tried to bring into the case an interest group to assist with sentencing in his case. He has not shown this group to be qualified or admitted to legal practice before the federal courts, nor has he suggested what they could actually have done to alter the outcome of his case.

Petitioner alleges a fee dispute between himself and counsel, and a conflict of interest arising therefrom. The United States Supreme Court has ruled heretofore that a fee dispute does not create a conflict of interest without more. *See Cuyler v. Sullivan,* 466 U.S. 335, 100 S.Ct. 1708 (1980). Petitioner Lester cannot show that he suffered any prejudice in this case of admitted guilt from his counsel not being allowed to withdraw before sentencing. At that point, Petitioner had entered into a Plea Agreement with the Government which contained his stipulation of the offense committed and Petitioner's guilty plea, which he assured the court was freely and voluntarily entered.

Petitioner Lester asserts as his **Ground Two** that:

> 1. Appellate Counsel raised and argued issues on appeal that were not properly addressed in the district court;
> 2. Appellate Counsel failed to raise issue of district court not advising Movant of Sentencing Exposure;
> 3. Appellate counsel failed to properly argue Apprendi/Booker issue on appeal;
> 4. Appellate counsel failed to properly argue against Movant's being classified as career offender; and
> 5. Appellate counsel failed to argue denial of counsel's motion

9

to be relieved as counsel at sentencing.

By referencing these claims as against appellate counsel, Petitioner assumes that the nature of the claim is somehow altered. It is not. The record as discussed fully above shows indisputability that the court fully apprized Petitioner of his sentencing exposure. Any argument to the contrary by appellate counsel would have been frivolous.

Likewise, it has been shown heretofore that not only did trial and appellate counsel raise the *Apprendi/Booker* issues, the United States Court of Appeals for the Eleventh Circuit fully addressed them and found that they afforded Petitioner no relief. Raising the same claim is an abuse of process as this court is not authorized to review the United States Court of Appeals for the Eleventh Circuit decisions, as noted with authority heretofore.

Inasmuch as Petitioner was, as a matter of fact, a career criminal, there was no prejudice in counsel's failure to argue the obvious appropriate classification. Furthermore, with the court limiting Petitioner's maximum sentence to 40 years as discussed above instead to what should have been life, Petitioner was not harmed by the career offender classification and can show no prejudice, all as discussed heretofore.

Petitioner's final argument in Ground Two, that appellate counsel failed to argue denial of counsel's motion to be relieved as counsel at sentencing was shown in Petitioner's Ground 1: 9 to be without prejudice. Appellate counsel need not have argued it.

Petitioner's entire Ground Two is conclusory, without supporting facts or citation to the record and is generally frivolous. Counsel, appellate or otherwise, cannot be deemed ineffective for failing to assert meritless, conclusory, and frivolous arguments and motions.

*See Miller v. Dugger,* 858 F.2d 1536 (11th Cir. 1988).

Petitioner's **Gound Three** asserted, at this time, that his guilty plea was not knowingly and intelligently entered due to counsel's erroneous advise and the court's failure to properly advise of applicable sentence exposure. Therefore, Movant would incorporated and re-allege claims found under Ground One, pages 5:1 thru 5:9 in support of this Ground.

As shown heretofore, in this Report and Recommendation, Petitioner's was misadvised that his maximum life exposure was only 40 years. This only benefitted Petitioner; in no way did it harm him by lengthening his sentence. In fact, had this harmless misadvise not occurred, Petitioner's career offender status, most probably, would netted him a life sentence. He can show no prejudice here.

Petitioner's incorporation of his claims from pages 5-1 through 5-11 of his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, as discussed above, were found to be without merit in all instances. He failed to carry his burden of proving that his counsel's conduct "fell below an objective standard of reasonabless, and that he suffered prejudice as a result of that deficient profromance." *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). Both prongs of the *Strickland* test must be met, and if either one or the other fails, as is the case with all of Petitioner's claims, then he has failed to carry his burden of proving ineffective assistance of counsel.

As to whether Petitioner entered into the Plea Agreement knowingly, freely and voluntarily, he held out to the court under oath that he fully understood and had discussed with his attorney the contents of the document, and he initialed each page thereof in his

testimony to that fact. On August 8, 2003, in open court, Petitioner was asked by the court, if a Plea Agreement had been reached between the parties in the case, to which affirmative replies were made. The court then had the Government's attorney read to Petitioner the stipulation of facts he had agreed could be proven by the Government at Section (7) of the Plea Agreement, which included Petitioner's guilt of possessing 15.5 grams of crack cocaine upon which his sentence would be based. (R-104 at 11, 12). Petitioner responded to the court that he understood the stipulation as read by the Government attorney; that he agreed that it was the truth and that it accurately described what happened in his case; and accurately described his conduct in the case. Id. at 13.

A petitioner's sworn statements made to the court at the plea hearing, where the court was determining the knowingly and voluntary nature of petitioner's plea, are presumed to be reliable. *See United States v. Gonzalez-Mercado,* 808 F.2d 796, 800 n.8 (11th Cir. 1987). Likewise such statements present a "formidable barrier in any subsequent collateral proceeding" in which a petitioner would take a position contrary to his remonstrances to the court. *See Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 162 (1977). A Petitioner's conclusory assertion of misunderstanding at some later date will not suffice to overcome that barrier. *See Harvey v. United States,* 850 F.2d 388, 396 (8th Cir. 1988).

Petitioner Lester has not demonstrated any scenario which would render his Plea Agreement and his guilty plea invalid, nor has he carried his buden of showing that his counsel was both ineffective and that his case was prejudiced by any ineffectiveness of counsel. His Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§

2255 is without merit.

WHEREFORE, IT IS RECOMMENDED that his Motion be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 9th day of July 2007.

                                             S/ G. MALLON FAIRCLOTH
                                             UNITED STATES MAGISTRATE JUDGE